IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

            v.              CRIMINAL NO. 13-50012-004

GONZALO PONCE-HURTADO                       DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 12, 2014, the Defendant/Movant Gonzalo Ponce-Hurtado (hereinafter "Defendant") filed a "**Motion to Dismiss Indictment, Conviction and Sentence for of [sic] Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Federal Rule[s] of Civil Procedure." (Doc. 154.)** The Government has filed a Response (Doc. 158), and the matter is now ripe for consideration.

## BACKGROUND

On May 29, 2013, Defendant pled guilty, pursuant to a written plea agreement, to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On March 20, 2014, a judgment was entered sentencing the Defendant to 210 months imprisonment, 3 years supervised release, and a $15,000.00 fine. Defendant appealed his sentence and the Eighth Circuit Court of Appeals issued a mandate affirming the sentence on January 23, 2015. Defendant was subsequently found eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines Drug Quantity Table and his term of imprisonment was reduced from 210 months to 168 months. (Doc. 161.)

In the motion currently before the Court, purported to be filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant asserts that this Court lacked jurisdiction to

indict, convict or sentence him, as he was "arrested in a private drive located in Laredo, Texas, not on property belonging to the United States." (Doc. 154 at pg. 2.) Defendant's motion is subject to dismissal.

## **DISCUSSION**

First, Rule 12(b)(1) of the Federal Rules of Civil Procedure does not apply in this criminal action. See Fed. R. Civ. P. 1 (These rules govern the procedure in all civil actions and proceedings in the United States district courts). While a motion for lack of jurisdiction may be made under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, the motion must be filed "while the case is pending." As Defendant has already been convicted, sentenced, and pursued appellate relief, his case is not still pending and he, therefore, cannot seek relief under this Rule.

Further, Defendant admitted in the factual basis of the plea agreement that he conspired with others in the distribution of methamphetamine in the Western District of Arkansas. (Doc. 72 ¶ 2.f.) Thus, Defendant could be prosecuted in this District for any overt acts by any of his co-conspirators in this District and it is irrelevant where his own actions occurred or where he was arrested. See United States v. Keys, 721 F.3d 512, 519 (8th Cir. 2013).

Finally, to the extent that Defendant argues that federal jurisdiction was lacking because he was arrested on private property within the State of Texas, federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231. Defendant pled guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a federal criminal statute. Thus, Defendant's challenge to federal jurisdiction is meritless. See United States v. Russell, 30 Fed. Appx. 348, 351-352 (6th Cir. 2002); United States v. Hutsell, 2015 WL 770324, *8 (E.D. Ky. Feb. 20, 2015) .

-2-

## CONCLUSION

Based upon the forgoing, the undersigned recommends that Defendant's **"Motion to Dismiss Indictment, Conviction and Sentence for of [sic] Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Federal Rule[s] of Civil Procedure." (Doc. 154)** be **denied and dismissed with prejudice**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 26th day of May, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)